UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRICK RAY BROWN, | ) 1:10-cv—01200-LJO-SKO-HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE: |
| | ) RESPONDENT'S MOTION TO DISMISS |
| v. | ) THE PETITION (DOCS. 10, 1) |
| | ) FINDINGS AND RECOMMENDATIONS TO |
| J. HARTLEY, Warden, | ) DISMISS THE PETITION WITHOUT |
| | ) LEAVE TO AMEND  (DOC. 1) |
| Respondent. | ) |
| | ) FINDINGS AND RECOMMENDATIONS TO |
| _____ | ) DECLINE TO ISSUE A CERTIFICATE OF |
| | APPEALABILITY AND TO DIRECT THE |
| | CLERK TO CLOSE THE CASE |
| | |
| | OBJECTIONS DEADLINE: |
| | THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is Respondent's motion to dismiss the petition filed on February 7, 2011.  Petitioner filed opposition to the motion on February 24, 2011.  No reply was filed.

I.   <u>Proceeding by a Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh</u>

v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
(1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court must award a writ of habeas corpus or issue
an order to show cause why it should not be granted unless it
appears from the application that the applicant is not entitled
thereto.  28 U.S.C. § 2243.  Rule 4 of the Rules Governing
Section 2254 Cases in the United States District Courts (Habeas
Rules) permits the filing of "an answer, motion, or other
response," and thus it authorizes the filing of a motion in lieu
of an answer in response to a petition.  Rule 4 confers upon the
Court broad discretion to take "other action the judge may
order," including authorizing a respondent to make a motion to
dismiss based upon information furnished by respondent, which may
show that a petitioner's claims suffer a procedural or
jurisdictional infirmity, such as res judicata, failure to
exhaust state remedies, or absence of custody.  Habeas Rule 4,
Advisory Committee Notes, 1976 Adoption and 2004 Amendments.

In light of the broad language of Rule 4, this circuit has
held that motions to dismiss are appropriate in cases that
proceed pursuant to 28 U.S.C. § 2254 and present procedural
issues that might limit consideration of the merits of the
petition.  O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990)
(proceeding under Rule 4 to consider a motion to dismiss for
failure to raise any issue of federal law, which was based on the
insufficiency of the facts as alleged in the petition to justify
relief as a matter of law); White v. Lewis, 874 F.2d 599, 602-03
(9th Cir. 1989) (considering procedural default in state court on
a motion to dismiss); Hillery v. Pulley, 533 F.Supp. 1189, 1194

2

n.12 (E.D.Cal. 1982) (finding it appropriate to consider failure
to exhaust state remedies on a motion to dismiss after receipt of
evidence pursuant to Rule 7(a) to clarify whether or not the
possible defect, not apparent on the face of the petition, might
preclude a hearing on the merits).

The filing of a motion to dismiss instead of an answer was
authorized by the Court's order of December 7, 2010, which
referred to the possibility of Respondent's filing a motion to
dismiss and set forth a briefing schedule if such a motion were
filed. (Order, doc. 4, 3-4.) It is established in this circuit
that the filing of a motion to dismiss is expressly authorized by
Habeas Rule 4. Habeas Rule 4 Advisory Committee Notes, 1976
Adoption and 2004 Amendments; Gutierrez v. Griggs, 695 F.2d 1195,
1198 (9th Cir. 1983).

Further, Habeas Rule 7 permits the Court to direct the
parties to expand the record by submitting additional materials
relating to the petition and to authenticate such materials,
which may include letters predating the filing of the petition,
documents, exhibits, affidavits, and answers under oath to
written interrogatories propounded by the judge. Habeas Rule
7(a), (b). If, upon expansion of the record, the Court perceives
that a defect not apparent on the face of the petition may
preclude a hearing on the merits, the Court may proceed to
determine a motion to dismiss. Hillery v. Pulley, 533 F.Supp.
1189, 1196.

In Blackledge v. Allison, 431 U.S. 63, 80-81 (1977), the
United States Supreme Court suggested that summary judgment
standards should be used to test whether facially adequate

3

allegations have a sufficient basis in fact to warrant plenary
presentation of evidence.  The Court noted that expansion of the
record in a given case could demonstrate that an evidentiary
hearing is unnecessary.  Id. at 81.  The Court specifically
advised that there might be cases in which expansion of the
record would provide evidence against a petitioner's contentions
so overwhelming as to justify a conclusion that an allegation of
fact does not raise a substantial issue of fact.  Id.  In such
circumstances, the petitioner is entitled to "careful
consideration and plenary processing of (his claim,) including
full opportunity for presentation of the relevant facts."  Id. at
82-83.

Summary judgment standards were likewise applied in Hillery
v. Pulley, 533 F.Supp. 1189, 1197 (E.D.Cal. 1982), where the
Court stated:

> The standards under Rule 56 are well known (footnote
> omitted).  To paraphrase them for purposes of habeas
> proceedings, it may be said that a motion to dismiss a
> petition for habeas corpus made after expansion of
> the record may only be granted when the matters on file
> reveal that there is no genuine issue of material
> fact "which if resolved in accordance with the
> petitioner's contentions would entitle him to relief...
> (citation omitted).  Only if it appears from
> undisputed facts... that as a matter of law petitioner
> is entitled to discharge, or that as a matter of law
> he is not, may an evidentiary hearing be avoided."
> (Citation omitted.)

533 F.Supp. 1197.

In the present case, the record was expanded in connection
with the motion to dismiss to include facts concerning
Petitioner's presentation of his claims to the state courts.
Pursuant to the foregoing standards, this expansion of the record
may permit summary disposition of the petition without a full

4

1  evidentiary hearing.

2      Accordingly, pursuant to Habeas Rule 4, the Court will

3  review the facts alleged in the petition and as reflected in the

4  evidentiary materials submitted by the parties in connection with

5  the motion to dismiss.

6      II.   Failure to Exhaust State Court Remedies

7      Respondent argues that the petition should be dismissed

8  because Petitioner failed to exhaust his state court remedies

9  with respect to the claims raised in the petition.

10     A petitioner who is in state custody and wishes to challenge

11 collaterally a conviction by a petition for writ of habeas corpus

12 must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).

13 The exhaustion doctrine is based on comity to the state court and

14 gives the state court the initial opportunity to correct the

15 state's alleged constitutional deprivations.   Coleman v.

16 Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

17 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

18 1988).

19     A petitioner can satisfy the exhaustion requirement by

20 providing the highest state court with the necessary jurisdiction

21 a full and fair opportunity to consider each claim before

22 presenting it to the federal court, and demonstrating that no

23 state remedy remains available.   Picard v. Connor, 404 U.S. 270,

24 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

25 1996).   A federal court will find that the highest state court

26 was given a full and fair opportunity to hear a claim if the

27 petitioner has presented the highest state court with the claim's

28 factual and legal basis.   Duncan v. Henry, 513 U.S. 364, 365

(1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).   In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.   The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding,

189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d at 865.

...

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. <u>Raspberry</u>, 448 F.3d at 1154.

Here, Petitioner challenges the decision of California's Board of Parole Hearings (BPH) made after a hearing held on July 8, 2009, finding Petitioner unsuitable for parole. (Pet. 1, 9, 11, 27-30.) Respondent appended to the motion to dismiss printouts of state court decisions and dockets to show that when Respondent's motion to dismiss was filed on February 7, 2011, Petitioner had not filed a petition for review in the California Supreme Court regarding the claims raised in the present petition.

1    In response, Petitioner asked the Court to take judicial

2    notice of the Court's characterization of Petitioner's exhaustion

3    of state court remedies in a case previously pending in this

4    Court – namely, <u>Cedric Brown v. J. Hartley</u>, 1:10-cv-00652-LJO-

5    DLB-HC.[1]  The findings and recommendations filed on October 1,

6    2010, in that case reflect that Petitioner's claims concerned the

7    alleged inconsistency of the BPH's reasoning for denying

8    Petitioner parole at various parole consideration hearings from

9    1999 through 2007, and alleged unfairness in Petitioner's 2007

10   parole hearing.  (Doc. 14, 1:20-25.)  Because the previous

11   petition concerned other decisions of the BPH, a showing of

12   exhaustion of state court remedies with respect to Petitioner's

13   previous claims does not serve to demonstrate exhaustion of state

14   remedies with respect to claims concerning a later hearing.

15   Petitioner has not provided any further evidence of exhaustion of

16   the pertinent claims.

17   Because of the passage of time since the filing of the

18   pending motion to dismiss, the Court has reviewed and takes

19   judicial notice of the pendency of proceedings in state court by

20   viewing the website of the California Courts.[2]  Petitioner's

21   second habeas corpus petition concerning the pertinent claims was

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

[2] The web address is <u>http://www.courts.ca.gov/supremecourt/htm.</u> The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010).

filed in the California Court of Appeal, Fifth Appellate District, in case no. F060850, and was denied on January 6, 2011. Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on February 22, 2011, in case number S190854.  It is possible that this pending habeas proceeding refers to Petitioner's claims concerning the 2009 parole decision.  However, without a copy of the petition filed in the Supreme Court, this Court cannot be certain.  In any event, there has been no showing that the claim concerning the 2009 hearing was presented to the California Supreme Court or was ruled on by the Court.

     Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds in Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.  Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

     Here, Petitioner did not establish exhaustion of state court remedies in the petition.  Although the Respondent provided the record of the state proceedings pending at the time the motion was filed, the record did not show that Petitioner raised before the state courts the challenges to the unsuitability finding that he raises here.  Further, although Petitioner was served with Respondent's motion, Petitioner has not taken the opportunity to establish exhaustion.

The court, therefore, concludes that Petitioner has failed to meet his burden to establish exhaustion of state court remedies.  Accordingly, it will be recommended that the motion to dismiss the petition for failure to exhaust state court remedies be granted.

III.   <u>Failure to State a Cognizable Due Process Claim</u>

In an abundance of caution, and in light of what may be ongoing attempts on the part of Petitioner to exhaust his state court remedies, the Court will consider Respondent's additional contention that the claim raised by Petitioner is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

A.   <u>Background</u>

In the petition, Petitioner alleged that he was a resident of Avenal State Prison at Avenal, California, serving a sentence of twenty-five (25) years to life for first degree murder.  (Pet. 1.)  Petitioner contends that the record is devoid of evidence to support the BPH's decision that Petitioner posed a danger if released; thus, Petitioner's rights under the Fourteenth Amendment as well as the California Constitution were violated. Petitioner argues that the BPH misused a 2008 psychological report and appellate court narrative of the facts of the offense that reflected Petitioner dragged the victim of a robbery or otherwise intended harm to the victim.  Petitioner contends that the evidence actually supported a finding of suitability.  (Pet. 27, 6-31.)

The transcript of the parole suitability hearing held on July 8, 2009, was submitted by Respondent in connection with the motion to dismiss.  (Mot., Ex. 1, Doc. 10-1, 36-135.)  The

transcript reflects that Petitioner attended the hearing (doc. 10-1, 36, 132), received documents before the hearing and had an opportunity to present documentary evidence (id. at 46-48), addressed the BPH panel under oath with respect to multiple parole suitability factors (id. at 49-123), and made a personal statement in favor of parole (id. at 129-31). An attorney for Petitioner appeared at the hearing, advocated on Petitioner's behalf, and gave a closing statement in favor of Petitioner's suitability for release on parole. (Doc. 10-1, 36, 39, 50, 116, 125-29.)

Further, Petitioner was present when the BPH announced its reasons for denying parole for three years, which included the commitment offense, Petitioner's lack of insight and limited sense of responsibility for his actions, his psychological evaluation, and his criminal history. (Mot., Ex. 1, doc. 10-1, 132-34.)

B. Analysis

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. –, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn

requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 562 U.S. –, 131 S.Ct. 859, 861-62 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[3] Swarthout v. Cooke, 131 S.Ct. 859, 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. 859, 862. The Court concluded that the petitioners had received the process that was due as follows:

---

[3] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

> They were allowed to speak at their parole hearings
> and to contest the evidence against them, were afforded
> access to their records in advance, and were notified
> as to the reasons why parole was denied....
>
> That should have been the beginning and the end of
> the federal habeas courts' inquiry into whether
> [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862.  The Court in Swarthout expressly

noted that California's "some evidence" rule is not a substantive

federal requirement, and correct application of California's

"some evidence" standard is not required by the Federal Due

Process Clause.  Id. at 862-63.

Here, Petitioner asks this Court to engage in the very type

of analysis foreclosed by Swarthout.  Petitioner does not state

facts that point to a real possibility of constitutional error or

that otherwise would entitle Petitioner to habeas relief because

California's "some evidence" requirement is not a substantive

federal requirement.  Review of the record for "some evidence" to

support the denial of parole is not within the scope of this

Court's habeas review under 28 U.S.C. § 2254.

Petitioner cites the California constitution and state

statutory and regulatory law concerning the parole process and

parole suitability factors.  To the extent that Petitioner's

claim or claims rest on state law, they are not cognizable on

federal habeas corpus.  Federal habeas relief is not available to

retry a state issue that does not rise to the level of a federal

constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131

S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68

(1991).  Alleged errors in the application of state law are not

cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

616, 623 (9th Cir. 2002).

It thus appears that insofar as Petitioner attempts to state a claim concerning the evidence based on the Due Process Clause of the Fourteenth Amendment, Petitioner has failed to state a claim that would entitle him to relief in this proceeding.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner did not claim that he lacked an opportunity to be heard or a statement of reasons. However, the allegations in the petition reveal that Petitioner attended the parole suitability hearing, made statements to the BPH, and received a statement of reasons for the decisions of the BPH and the governor. Thus, Petitioner's own allegations and the undisputed transcript of the hearing establish that he had an opportunity to be heard and a statement of reasons for the decisions in question. It therefore does not appear that Petitioner could state a tenable due process claim.

Accordingly, it will be recommended that Petitioner's due process claim be dismissed without leave to amend.

IV.  Ex Post Facto Claim

Petitioner raises an ex post facto claim based on the BPH's application of Marsy's Law to Petitioner, which resulted in an increase in the period between Petitioner's parole suitability hearings from one year, which had been ordered at a previous parole hearing in 2008, to three years. (Pet. 11-12.) The Court understands Petitioner's mention of "Marsy's Law" (pet. 11) to be

14

a reference to California's Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which on November 4, 2008, effected an amendment of Cal. Pen. Code § 3041.5(b)(3) that resulted in a lengthening of the periods between parole suitability hearings.

The Constitution provides, "No State shall... pass any... ex post facto Law." U.S. Const. art I, § 10. The Ex Post Facto Clause prohibits any law which: 1) makes an act done before the passing of the law, which was innocent when done, criminal; 2) aggravates a crime and makes it greater than it was when it was committed; 3) changes the punishment and inflicts a greater punishment for the crime than when it was committed; or 4) alters the legal rules of evidence and requires less or different testimony to convict the defendant than was required at the time the crime was committed. Carmell v. Texas, 529 U.S. 513, 522 (2000). Application of a state regulation retroactively to a defendant violates the Ex Post Facto Clause if the new regulations create a "sufficient risk" of increasing the punishment for the defendant's crimes. Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citing Cal. Department of Corrections v. Morales, 514 U.S. 499, 509 (1995)). When the rule or statute does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule. Garner v. Jones, 529 U.S. 244, 250, 255 (2000).
///

Previous amendments to Cal. Pen. Code § 3041.5, which initiated longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause.  See, e.g., California Department of Corrections v. Morales, 514 U.S. 499, 509 (1995);  Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989).  Similarly, a state law permitting the extension of intervals between parole consideration hearings for all prisoners serving life sentences from three to eight years does not violate the Ex Post Facto Clause where expedited parole review was available upon a change of circumstances or receipt of new information warranting an earlier review, and where there was no showing of increased punishment.  Garner v. Jones, 529 U.S. at 249.  Under such circumstances, there was no significant risk of extending a prisoner's incarceration.  Id.

In Gilman v. Schwarzenegger, - F.3d -, No. 10-15471, 2011 WL 198435, at *2 (9th Cir. Jan. 24, 2011), the Ninth Circuit reversed a grant of injunctive relief to plaintiffs in a class action seeking to prevent the board from enforcing Proposition 9's amendments that defer parole consideration.  The court noted that the changes wrought by Proposition 9 were noted to be more extensive than those before the Court in Morales and Garner; however, advanced hearings, which would remove any possibility of harm, were available upon a change in circumstances or new information.  Id. at *6.  The Court concluded that in the absence of facts in the record from which it might be inferred that Proposition 9 created a significant risk of prolonging Plaintiffs' incarceration, the plaintiffs had not established a

likelihood of success on the merits on the ex post facto claim. Id. at *8.

This Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

The Court takes judicial notice of the docket and specified orders in the class action pending in this district, Gilman v. Fisher, 2:05-cv-00830-LKK-GGH, including the order granting motion for class certification filed on March 4, 2009 (Doc. 182, 9:7-15), which indicates that the Gilman class is made up of California state prisoners who 1) have been sentenced to a term that includes life, 2) are serving sentences that include the possibility of parole, 3) are eligible for parole, and 4) have been denied parole on one or more occasions.  The docket further reflects that the Ninth Circuit affirmed the order certifying the class.  (Docs. 257, 258.)  The Court also takes judicial notice of the order of March 4, 2009, in which the court described the case as including challenges to Proposition 9's amendments to Cal. Pen. Code § 3041.5 based on the Ex Post Facto Clause, and a request for injunctive and declaratory relief against implementation of the changes.  (Doc. 182, 5-6.)

Although Petitioner ultimately seeks release from custody (pet. 31), resolution of Petitioner's claim may well involve the scheduling of Petitioner's next suitability hearing and the invalidation of state procedures used to deny parole suitability – matters removed from the fact or duration of confinement.  Such types of claims have been held to be cognizable under 42 U.S.C.

§ 1983 as claims concerning conditions of confinement.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  Thus, they may fall outside the core of habeas corpus relief.  See, Preiser v. Rodriquez, 411 U.S. 475, 485-86 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750 (2004).

Further, the relief Petitioner requests overlaps with the relief requested in the Gilman class action.  A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain an individual suit for equitable relief concerning the same subject matter.  Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).  It is contrary to the efficient and orderly administration of justice for a court to proceed with an action that would possibly conflict with or interfere with the determination of relief in another pending action, which is proceeding and in which the class has been certified.

Here, Petitioner's own allegations reflect that he qualifies as a member of the class in Gilman.  The court in Gilman has jurisdiction over same subject matter and may grant the same relief.  A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In the exercise of its inherent discretion, this Court concludes that dismissal of Petitioner's ex post facto claim in this action is appropriate and necessary to avoid interference with the orderly administration of justice.  Cf., Crawford v. Bell, 599 F.2d 890, 892-93; see Bryant v. Haviland,

2011 WL 23064, *2-*5 (E.D.Cal. Jan. 4, 2011).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).  In view of the allegations of the petition and the pendency of the <u>Gilman</u> class action, amendment of the petition with respect to the ex post facto claim would be futile.

Accordingly, it will be recommended that Petitioner's ex post facto claim be dismissed without leave to amend.

V.   <u>Eighth Amendment Violation</u>

Petitioner alleges very generally that he suffered a violation of his rights under the Fifth and Eighth Amendments of the Constitution.  (Pet. 30-31.)

The basis of Petitioner's Fifth Amendment claim is uncertain.  Petitioner concludes generally that the decision violated his Fifth Amendment rights.  Petitioner has failed to allege any facts to support such a claim or to suggest that he could allege a claim under the Fifth and Fourteenth Amendments.

With respect to Petitioner's claim under the Eighth Amendment, there is an absence of focused, supportive factual allegations.  However, in view of Petitioner's assertions that the BPH's repeated denials of parole were unfair and arbitrary, it is assumed that Petitioner is alleging that the failure to release Petitioner violated his Eighth Amendment rights.

It is established that there is no right under the Constitution to be conditionally released before the expiration of a valid sentence, and the states are under no duty to offer

1  parole to their prisoners.  <u>Swarthout v. Cooke</u>, 562 U.S. –, 131

2  S.Ct. 859, 862 (2011).  However, a criminal sentence that is

3  "grossly disproportionate" to the crime for which a defendant is

4  convicted may violate the Eighth Amendment.  <u>Lockyer v. Andrade</u>,

5  538 U.S. 63, 72 (2003); <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001

6  (1991) (Kennedy, J., concurring); <u>Rummel v. Estelle</u>, 445 U.S.

7  263, 271 (1980).  Outside of the capital punishment context, the

8  Eighth Amendment prohibits only sentences that are extreme and

9  grossly disproportionate to the crime.  <u>United States v. Bland</u>,

10 961 F.2d 123, 129 (9th Cir. 1992) (quoting <u>Harmelin v. Michigan</u>,

11 501 U.S. 957, 1001, (1991) (Kennedy, J., concurring)).  Such

12 instances are  "exceedingly rare" and occur in only "extreme"

13 cases.  <u>Lockyer v. Andrade</u>, 538 U.S. at 72-73; <u>Rummel</u>, 445 U.S.

14 at 272.  A sentence that does not exceed statutory maximums will

15 not be considered cruel and unusual punishment under the Eighth

16 Amendment.  See <u>United States v. Mejia-Mesa</u>, 153 F.3d 925, 930

17 (9th Cir. 1998); <u>United States v. McDougherty</u>, 920 F.2d 569, 576

18 (9th Cir. 1990).

19      Here, Petitioner was sentenced to twenty-five (25) years to

20 life for first degree murder in violation of Cal. Pen. Code §

21 187.  (Pet. 38.)  A sentence of life imprisonment for first

22 degree murder has been held not to be cruel and unusual

23 punishment under the Eighth Amendment.  <u>United States v. LaFleur</u>,

24 971 F.2d 200, 211 (9th Cir. 1991).  Likewise, life imprisonment

25 for first degree felony murder has been held not to violate the

26 Eighth Amendment.  <u>Guam v. Sablan</u>, 584 F.2d 340, 341 (9th Cir.

27 1978).  Even for a young offender, a mandatory sentence of life

28 without parole for first degree murder has been held not to be

1  grossly disproportionate.  <u>Harris v. Wright</u>, 93 F.3d 581, 585

2  (9th Cir. 1996).

3      Petitioner thus has not alleged facts showing that his

4  continued incarceration reflects or constitutes a grossly

5  disproportionate sentence.  Nor has Petitioner alleged facts

6  pointing to a real possibility of Eighth and Fourteenth Amendment

7  error.  Further, considering the extreme facts that must be

8  present in order for an Eighth Amendment claim to be stated, it

9  does not appear that Petitioner could state a tenable claim of

10 cruel and unusual punishment under the Eighth and Fourteenth

11 Amendments.

12     Accordingly, it will be recommended that Petitioner's Fifth

13 and Eighth Amendment claim be dismissed without leave to amend.

14     VI.  <u>Certificate of Appealability</u>

15     Unless a circuit justice or judge issues a certificate of

16 appealability, an appeal may not be taken to the Court of Appeals

17 from the final order in a habeas proceeding in which the

18 detention complained of arises out of process issued by a state

19 court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

20 U.S. 322, 336 (2003).  A certificate of appealability may issue

21 only if the applicant makes a substantial showing of the denial

22 of a constitutional right.  § 2253(c)(2).  Under this standard, a

23 petitioner must show that reasonable jurists could debate whether

24 the petition should have been resolved in a different manner or

25 that the issues presented were adequate to deserve encouragement

26 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

27 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

28 certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the motion or petition should have been evaluated or resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VII. Recommendations

The Court concludes that Respondent's motion to dismiss Petitioner's due process claim concerning the evidence should be granted. Further, with respect to the remaining claims in the petition, because Petitioner has failed to state facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. §

2254, the claims should be dismissed.

Accordingly, it is RECOMMENDED that:

1)   Respondent's motion to dismiss be GRANTED; and

2)   The petition be DISMISSED without leave to amend; and

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the case because an order of dismissal would terminate the case in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 23, 2011            _____/s/ Sheila K. Oberto_____
                                   UNITED STATES MAGISTRATE JUDGE